IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Integrated Technology Corporation, et al., ) | No. CV-06-02182-PHX-ROS |
| Plaintiffs, ) | **JUDGMENT** |
| vs. ) | |
| Rudolph Technologies, Inc., et al., ) | |
| Defendants. ) | |

On December 11, 2009, the Court granted plaintiffs Integrated Technology Corporation and Nevada Integrated Technology Corporation's (collectively "ITC") motion for summary judgment that defendants Rudolph Technologies, Inc. and Mariner Acquisition Company LLC's (collectively "Rudolph") pre-August 2007 PRVX Systems (PRVX, PRVX2, PRVX3) literally infringe claims 1 and 3 of U.S. Patent No. 6,118,894 ("the '894 Patent").

On December 20, 2011, a jury verdict was returned in favor of ITC, finding that (1) the post-August 2007 PRVX Systems (PRVX, PRVX2, PRVX3) infringe claims 1 and 3 of the '894 Patent under the doctrine of equivalents and that such infringement was willful, (2) ITC is entitled to lost profits on the post-August 2007 PRVX Systems (PRVX, PRVX2, PRVX3) in the amount of $825,919.00, (3) the PRVX4 Systems infringe claims 1 and 3 of the '894 Patent under the doctrine of equivalents and that such infringement was willful, (3) ITC is entitled to lost profits on the PRVX4 Systems in the amount of $642,061.00, (4) the

ProbeWorx Systems infringe claims 1 and 3 of the '894 Patent under the doctrine of equivalents and that such infringement was willful, (5) ITC is entitled to lost profits on the ProbeWorx Systems in the amount of $6,323,455, and (6) ITC is entitled to lost profits on the pre-August 2007 PRVX Systems (PRVX, PRVX2, PRVX3) in the amount of $7,684,047.

On July 23, 2012, the Court granted ITC's motions for (1) permanent injunction, (2) prejudgment interest, (3) enhanced damages, (4) attorneys' fees and costs and (5) judgment as a matter of law that the '894 Patent is valid and enforceable.

Therefore, good cause appearing,

**IT IS ORDERED** the Motion for Entry of Judgment (Doc. 550) is **GRANTED**.

**IT IF FURTHER ORDERED**, **ADJUDGED AND DECREED** that:

1. Claims 1 and 3 of the '894 Patent are valid and enforceable;
2. Rudolph's pre-August 2007 PRVX Systems (PRVX, PRVX2 and PRVX3) literally infringe claims 1 and 3 of the '894 Patent;
3. Rudolph's post-August 2007 PRVX Systems (PRVX, PRVX2 and PRVX3) infringe claims 1 and 3 of the '894 Patent under the doctrine of equivalents and such infringement was willful;
4. Rudolph's PRVX4 Systems infringe claims 1 and 3 of the '894 Patent under the doctrine of equivalents and such infringement was willful;
5. Rudolph's ProbeWorx Systems infringe claims 1 and 3 of the '894 Patent under the doctrine of equivlanets and such infringement was willful;
6. ITC is entitled to damages in the amount of $7,684,047.00 for infringement by the pre-August 2007 PRVX Systems (PRVX, PRVX2 and PRVX3);
7. ITC is entitled to damages in the amount of $825,919.00 for infringement by the post-August 2007 PRVX Systems (PRVX, PRVX2 and PRVX3) and that amount is trebled under 35 U.S.C. 284 for a total award of $2,477,757.00;

8. ITC is entitled to damages in the amount of $642,061.00 for infringement by the PRVX4 Systems and that amount is trebled under 35 U.S.C. 284 for a total award of $1,926,183.00;

9. ITC is entitled to damages in the amount of $6,323,455.00 for infringement by the ProbeWorx Systems and that amount is trebled under 35 U.S.C. 284 for a total award of $18,970,265.00;

10. Rudolph's claim for declaration of non-infringement of the '894 Patent is dismissed with prejudice;

11. Rudolph's claim for declaration that the '894 Patent is invalid is dismissed with prejudice;

12. Attorneys' fees are awarded to ITC in the amount of $3,252,228.50, as stipulated to by the parties.

13. Prejudgment interest is awarded to ITC on its damages in the amount of $4,714,222.00;

14. Prejudgment interest is awarded to ITC on its attorneys' fees in the amount of $252,579.00;

15. ITC is entitled to postjudgment interest pursuant to 28 U.S.C. § 1961;

16. Any request for costs shall be made pursuant to the procedure set forth in Local Civil Rule 54.1; and

17. Rudolph is permanently enjoined as set forth in the Court's July 23, 2012 Order.

DATED this 8th day of August, 2012.

_____
Roslyn O. Silver
Chief United States District Judge